IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANTIAGO STRICKLAND, ) | |
|     Petitioner, ) | |
| ) | **11 C 1979** |
|     v. ) | |
| ) | **Judge Joan H. Lefkow** |
| RANDY PFISTER, ) | |
|     Respondent. ) | |

## OPINION AND ORDER

Pro se petitioner Santiago Strickland (prisoner number R62200), who is currently incarcerated in the Pontiac Correctional Center, is serving a 55-year sentence for first degree murder. He has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent asserts Strickland's petition is time-barred or, alternatively, fails on the merits. For the following reasons, the court agrees that Strickland's petition is untimely. It is, therefore, denied.

## BACKGROUND

As the respondent argues that Santiago's § 2254 petition is barred by the statute of limitations, the court begins by summarizing the relevant dates.

### A. State Proceedings

During a 2007 jury trial in the Circuit Court of Cook County, the state contended that Strickland shot and killed Robert Griffin following a fight about Strickland's significant other.[1] Santiago was convicted of murder and sentenced to a 55-year prison term. On May 14, 2009, the

---

[1] The state court's opinions refer to Strickland's girlfriend. In his filings with this court, however, Strickland states that Griffin was disrespectful to his wife.

Illinois Appellate Court affirmed Strickland's conviction and sentence. Strickland filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, which denied permission to appeal on November 25, 2009. Strickland did not file a petition for a writ of certiorari with the United States Supreme Court.

Meanwhile, while his direct appeal was pending, Strickland filed a state post-conviction petition dated July 8, 2008, under 725 ILL. COMP. STAT. 5/122-1, *et seq*. On October 24, 2008, the state trial court dismissed the petition as frivolous. Strickland did not appeal from the dismissal order. Instead, in May of 2009 — more than seven months after the entry of that order — Strickland filed a motion to withdraw his petition, stating that he realized he had filed the petition too early given his pending direct appeal. On July 17, 2009, the state trial court granted the motion, even though the petition had already been dismissed.

On September 9, 2010, Strickland filed a motion seeking an extension of time to file a second state post-conviction petition. In his motion, he asserted he received the July 17, 2009, order granting his motion to withdraw his first state post-conviction petition on August 22, 2010, due to issues with the prison's mail system. Although the pleading is not a model of clarity, Strickland appears to have argued that he needed an extension because he did not know his first petition had been dismissed in 2008. The trial court denied the motion on October 15, 2010.

On February 1, 2011, Strickland filed a state complaint for habeas corpus relief under 735 ILL. COMP. STAT. 5/10-101, *et seq*. The court set the case for hearing on February 22, 2011. On that date, it entered an order stating, "motion to w/draw P.C. petition — allowed." Respondent Ex. O.

On June 15, 2011, Strickland filed a successive post-conviction petition. On August 24, 2011, the state trial court denied leave to file a successive petition. The records of the Illinois Appellate Court's clerk's office do not indicate that Strickland appealed.

**B.      Federal Proceedings**

On March 22, 2011, the court received Strickland's undated § 2254 petition in an envelope post-marked March 18, 2011. Strickland also filed undated motions for leave to proceed in forma pauperis and appointment of counsel and a "motion for requesting a court order for 6 month ledger" that attached correspondence dated March 7, 2011, from the Illinois Department of Corrections. The court ultimately granted leave to proceed in forma pauperis on June 27, 2011.

## ANALYSIS

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Strickland did not file a petition for a writ of certiorari after the Illinois Supreme Court denied his PLA in his direct appeal on November 25, 2009.

The Supreme Court has held that an application for state post-conviction review stops "pending" when state court post-conviction review ends because at that point, "an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a *federal* court." *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (emphasis in original); *see also Tucker v. Kingston*, 538 F.3d 732, 735

(7th Cir. 2008) (under *Lawrence v. Florida*, a petitioner is not entitled to "toll[ing] during the 90 days he could have sought certiorari after the state supreme court denied leave to appeal in his postconviction proceedings.").[2]  This means the statute of limitations started running on November 25, 2009, when the Illinois Supreme Court denied the PLA in Strickland's direct appeal.

"The time during which a properly filed application for a State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).  Strickland filed multiple state collateral attacks and ultimately filed a federal habeas petition in March of 2011.

## I.  Whether Strickland's § 2254 Petition is Timely

To determine whether Strickland's petition is timely, the court must determine whether the state collateral attacks tolled sufficiently tolled the one-year statute of limitations.  As explained below, they do not, so his petition must be denied as time-barred.

### A.  Did Strickland's First Post-Conviction Petition Toll the Limitations Period?

The statute of limitations clock started ticking on November 25, 2009.  The state trial court dismissed Strickland's first state post-conviction petition twice (on October 24, 2008, when it dismissed the petition as frivolous, and on July 17, 2009, when it granted Strickland's motion to withdraw his petition, even though it had already been dismissed).  The first state post-

---

[2] The respondent credited Strickland with an extra 90 days based on the Seventh Circuit's decision in *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005).  The *Balsewicz* decision is at odds with the Supreme Court's subsequent decision in *Lawrence v. Florida*.  This court will, of course, follow controlling Supreme Court precedent.  The court notes that the respondent's error in crediting Strickland with an extra 90 days means the majority of his answer is irrelevant and all of his statute of limitations calculations are incorrect.

conviction petition does not affect the calculation of the statute of limitations as both of these dates predate the start of the limitations period.

> **B.** **Did Strickland's Motion for an Extension of Time to File a Post-Conviction Petition Toll the Limitations Period?**

Strickland sought permission to file an untimely second state post-conviction petition but his request was denied. A motion seeking leave to file a post-conviction petition is not "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations clock continued to tick during the time when Strickland's motion for permission to file a second state post-conviction petition was pending before the state trial court (from September 9, 2010 to October 15, 2010). *See Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009) ("the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission [to file] is granted."). This means that by October 15, 2010, when his motion was denied, Strickland had used up 355 days of the 365-day limitation period.

> **C.** **Did Strickland's State Habeas Complaint Toll the Limitations Period?**

As noted above, Strickland's conviction became final on November 25, 2009. The next possible event that could toll the statute of limitations is Strickland's complaint for state habeas corpus relief, which was filed more than a year later, on February 1, 2011.[3] By this time, however, nothing remained to toll as § 2244(d)(1)(A)'s one-year statute of limitations expired in

---

[3] Illinois' version of the mailbox rule (as opposed to the federal mailbox rule) governs whether Strickland's state post-conviction petition is deemed filed as of the date that he signed it. *See Ray v. Clements*, 700 F.3d 993, 1004-05 (7th Cir. 2012) (state procedural law applies to state filings for the purposes of computing the statute of limitations for a federal habeas filing). The court will use the filing date and not consider whether the mailbox rule means Strickland's petition should be deemed filed as of the date he signed it as the application of the mailbox rule in this case does not alter the result.

November of 2010.  *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) (the "state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding"); *see also Hernandez v. Hodge*, No. 12 C 4332, 2013 WL 389030, at *2 (N.D. Ill. Jan 30, 2013) (collecting cases).  The court received Strickland's § 2254 petition almost one year later, in October of 2011.   The petition is, therefore, time-barred unless the doctrine of equitable tolling is applicable.

> D. **Does Equitable Tolling Apply?**

To the extent equitable tolling is available, to be entitled to take advantage of this doctrine, Strickland must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" which prevented him from submitting a timely petition.  *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed. 130 (2010).  Strickland did not address the statute of limitations in his filings, although this issue was raised (albeit incorrectly) by the respondent in his answer.

Construing Strickland's filings broadly given his *pro se* status, it appears that Strickland did not "understand the state collateral appeal process and the often complex rules used to calculate the due date of a federal habeas petition."  *Bodley v. Ott*, No. 11 C 8137, 2012 WL 773716, at *3 (N.D. Ill. Mar. 8, 2012).  However, "a prisoner's pro se status and the fact that he is incarcerated do not entitle him to equitable tolling."  *Id.*; *see Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008) (collecting cases holding that "limited resources," "the lack of legal expertise," and a "prisoner's limited access to the prison law library" are not grounds for equitable tolling).  In any event, Strickland cannot show he pursued his rights diligently given the almost one-year gap between the expiration of the limitations period and the filing of

Strickland's § 2254 petition. *See Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (delay of almost one year was unreasonably long). Thus, even if equitable tolling was available, it would be inapplicable in this case.

The court acknowledges that Strickland contends he is actually innocent of first degree murder since he acted in self-defense. The Seventh Circuit has held that a claim of actual innocence does not affect the calculation the limitations period. *See Griffeth v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (citing *Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir. 2005)). Strickland's federal habeas petition is, therefore, untimely.

**II.     Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

For the reasons stated above, the court finds that there can be no showing of a substantial constitutional question for appeal as reasonable jurists would not find this court's procedural ruling debatable. *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). Accordingly, the court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Strickland's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition is denied as time-barred and the court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Enter:

Dated: March 27, 2013

_____
JOAN HUMPHREY LEFKOW
United States District Judge